UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONTE J. PRINCE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | CASE NO.:  5:24-cv-01796 <br> 5:22-cr-00185 <br><br> JUDGE JOHN R. ADAMS <br><br> **MEMORANDUM OF OPINION AND ORDER** <br> (Resolves Doc. 43) |

This matter before the Court is Donte Prince's ("Prince") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (the "Motion"). Doc. 43. For the reasons set forth below, the Motion is DENIED.

I. PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Prince with one count of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Doc. 1. Prince pled guilty pursuant to a plea agreement (Doc. 17) and the Court sentenced him to 46 months' imprisonment consecutive to his state court sentences. Doc. 25. Prince now moves to correct his sentence as outlined herein.

II. LEGAL STANDARD AND ANALYSIS

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject

1

to collateral attack. 28 U.S.C. § 2255(a). In the Motion, Prince requests a correction of his sentence based on the assertion that he was not appropriately credited with time served for June 18, 2022 through December 8, 2022. Doc. 43 at 4, 8.

The Attorney General, through the Bureau of Prisons, is vested with the authority to calculate any sentencing credits a federal defendant may be entitled to. *Clinkscale v. United States*, 367 F. Supp. 2d 1150, 1155 (N.D. Ohio 2005) (citing *United States v. Wilson*, 503 U.S. 329 (1992)). The computation of the credit must occur after a defendant begins their sentence, therefore, the district court cannot apply 18 U.S.C. § 3585 to calculate the amount at sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992). Accordingly, Prince's claim is not cognizable in a § 2255 motion. *See Clinkscale,* at 1155.

Further, a motion related to the calculation or execution of a sentence is properly filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 after the exhaustion of administrative remedies. Should Prince elect to file a § 2241 petition, he must file it in the district court with personal jurisdiction over his custodian. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004).

### III.    CONCLUSION

For the foregoing reasons, Prince's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 43) is DENIED.

**IT IS SO ORDERED.**

January 13, 2025                                                 */s/ John R. Adams*
DATE                                                                    JOHN R. ADAMS
                                                                              UNITED STATES DISTRICT JUDGE